## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>1411 K St. NW, Suite 1300,<br>Washington, D.C. 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Ave. NW,<br>Washington, D.C. 20460,<br><br>*Defendant*. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C. § 552)** |

## INTRODUCTION

1.   In this action, the Center for Biological Diversity ("Center")—an environmental conservation organization that works to protect native wildlife species and their habitats—challenges the failure of the Environmental Protection Agency ("EPA") to provide any and all records held by the EPA Office of Policy, Office of the Administrator, and the Office of General Counsel generated in connection with EPA's October 22, 2018 memorandum "Changes to EPA Environmental Review Rating Process," which discontinues EPA's alphanumeric rating (hereinafter "grades" or "grading") on agency draft environmental impact statements, in violation of the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2.   The National Environmental Policy Act ("NEPA") requires federal agencies to describe environmental impacts in a detailed environmental impact statement ("EIS") when there is a major federal action that significantly affects the environment. As part of the NEPA process, Section 309 of the Clean Air Act requires EPA to provide written comment on all draft EISs. EPA's use of grades has provided the public with significant clarity and understanding through

1

the use of this rating that "synthesize the level of EPA's overall concern with the proposal." *See* Policy and Procedures for the Review of Federal Actions Impacting the Environment, ch. 4, § (2)(b)(1). For over 30 years, since 1984, the public has benefited from the greater clarity that EPA's draft EIS grades provide.

3.   In October 2018, EPA issued a memorandum stating that while EPA would continue to provide written comments on draft EISs, EPA would no longer issue grades.

4.   Plaintiff Center filed its FOIA request to EPA for records generated in connection with the memorandum on December 7, 2018.

5.   As of the filing of this Complaint, EPA has provided no lawful determination or any records responsive to the Center's request.

6.   EPA's refusal to release records relating to the memorandum violates FOIA's policy of government transparency.

7.   EPA is unlawfully withholding public records by failing to conduct an adequate search for responsive records and by refusing to provide all reasonably segregable portions of any records that contain material that may be lawfully exempt. Prompt access to these records is necessary to effectuate FOIA's purpose, thus the Center seeks declaratory relief establishing that EPA violated FOIA, or alternatively, the APA. The Center also seeks injunctive relief directing the agency to conduct an adequate search and provide any improperly withheld records and all reasonably segregable portions of any lawfully exempt records without any further delay.

## JURISDICTION AND VENUE

8.   This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

2

9.   Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because a portion of the responsive records may be found in this district.

10. Declaratory relief is appropriate under 28 U.S.C. § 2201.

11. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 69,500 members. The Center and its members are harmed by EPA's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of political or industry influence on EPA's top decision-makers.

13. Defendant ENVIRONMENTAL PROTECTION AGENCY is an agency of the U.S. government. EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). EPA is a federal agency that is responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

14. FOIA's basic purpose is for government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552(b)(1)-(9).

15. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and must notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

3

16. An agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id*. § 552(a)(6)(A)(ii).

17. In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed with the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id*. § 552(a)(6)(B)(ii).

18. FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)-(D).

19. FOIA requires federal agencies to promptly disclose requested records. *Id*. §§ 552(a)(3)(A), (a)(6)(C)(i).

20. FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. *Id*. § 552(a)(4)(B).

21. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

22. Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by

4

agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2).

## FACTUAL BACKGROUND

### A.  EPA's October 2018 Memorandum Discontinuing the Assignment of Ratings in EPA's Comment Letters on draft Environmental Impact Statements

23. NEPA, 42 U.S.C. §§ 4321-4370h, requires all federal agencies to prepare a "detailed statement" for any "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C). This statement—commonly known as an EIS—must describe the environmental impacts of the proposed action. *Id.* § 4332(2)(C)(i), (ii).

24. Any federal agency that is considering approving an activity that may significantly affect the environment must first prepare a draft EIS. The agency must solicit comments on that draft from the public and any other federal agency that has jurisdiction or special expertise on the subject matter. 40 C.F.R. §§ 1502.9(a), 1503.1(a).

25. EPA, pursuant to its legal authority under NEPA, 42 U.S.C § 4321 *et seq.*, and Section 309 of the Clean Air Act ("CAA"), 42 U.S.C. § 7609, reviews all draft EISs and provides written comments, which must be made public.

26. In 1984, EPA issued "Policy and Procedures for the Review of Federal Actions Impacting the Environment" (hereinafter "309 Manual"), which included a grading system criterion to grade draft EISs. *See* Policy and Procedures for the Review of Federal Actions Impacting the Environment, ch. 4 (Oct. 3, 1984). The 309 Manual states that the purpose of the rating is to "synthesize the level of EPA's overall concern with the proposal." *Id.* at ch. 4, § (2)(b)(1). The environmental impact of the action was assigned an alphabetical category: "lack of

objections," "environmental concerns," "environmental objections," or "environmental unsatisfactory," and for each of these categories, an adequacy of the impact statement was assigned a numerical category: "1-adequate," "2-insufficient information," or "3-inadequate."

27. When a draft EIS receives an "environmental objections," "environmental unsatisfactory," or "3-inadequate," EPA must attempt to meet with the lead agency to discuss the concerns detailed in EPA's review. *Id*. at ch. 4, § (2)(b)(4).  After EPA consults or meets with the lead agency, EPA prepares a status report and continues assessing the lead agency's progress. *Id*. at ch. 5, § (3).

28. In 2018, EPA issued a memorandum to discontinue the assignment of grades. *See* Changes to EPA Environmental Review Rating Process (Oct. 22. 2018) (hereinafter "2018 Memorandum"). The 2018 Memorandum states that the ratings were used to inform the action agency about EPA's degree of concern regarding the adequacy of a draft EIS and to determine whether a proposed action should be referred to the White House Council on Environmental Quality. 42 U.S.C. § 7609(b). However, the 2018 Memorandum does not address the EPA consultation and status report to the lead agency for draft EISs that would have received an "environmental objections," "environmental unsatisfactory," or "3-inadequate."

29. An example of an EPA-graded draft EIS is the United States Department of State's 2013 TransCanada's cross-border permit application for Keystone XL pipeline. EPA submitted a letter on the draft EIS that criticized the analysis of greenhouse-gas emissions, pipeline safety, alternative routes, and environmental justice impacts. EPA rated the draft EIS "EO-2 ('Environmental Objections - Insufficient Information')," meaning that the project had significant environmental impacts that must be avoided and that the draft EIS provided insufficient information to evaluate those impacts.

30. While EPA will continue to review all draft EISs and provide written comments, by not issuing a grade that synthesizes the overall concern with the draft EIS, EPA is decreasing the utility and clarity of the NEPA process. One of NEPA's goals is to make sure agencies disclose relevant information to the public so that the public can meaningfully participate in the process. 40 C.F.R. § 1502.1; *see also Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989) (stating that under NEPA, the public is entitled to "play a role in both the decisionmaking process and the implementation of that decision"). The grading by EPA provided a quick and easy way for the public to identify which draft EIS projects were inadequate and required greater attention and scrutiny.

### B. FOIA Request: EPA-HQ-2019-001970 (Records held by EPA Office of Policy, Office of the Administrator, and the Office of General Counsel)

31. On December 7, 2018, the Center submitted a FOIA request to EPA seeking "the records generated in connection to EPA's October 22, 2018 memorandum 'Changes to EPA Environmental Review Rating Process,' which discontinues the assignment of alphanumeric ratings in EPA's 309 comment letters created pursuant to the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370h ('NEPA')." The Center also requested a waiver of fees in connection with its FOIA request.

32. On December 7, 2018, EPA acknowledged the Center's FOIA request and assigned it tracking number EPA-HQ-2019-001970.

33. On December 17, 2018, EPA sent the Center an automated message and electronic mail granting the Center's fee waiver request.

34. EPA never responded to the Center's request after granting the fee waiver request.

35. On February 12, 2019, the Center e-mailed EPA's FOIA Public Liaison regarding EPA's violation of FOIA's mandatory determination deadline. The Center requested an estimated date

of completion and offered to provide any assistance that EPA might need to fulfill its obligation

to promptly deliver the requested records or to otherwise provide a lawful determination that

includes, among other requirements, an explanation for its refusal to produce the records.

36. The Center has received no response to its February 12, 2019 communication.

37. As of the date of this complaint, which is 111-working days since the 20-working day

determination deadline of January 8, 2019, EPA has provided no lawful determination or any

responsive records to the Center.

38. In connection with the Center's FOIA request, EPA has not requested additional

information from the Center or notified the Center of any "unusual circumstances" that prevent it

from complying with FOIA's deadline for a determination.  *Id.* § 552(a)(6)(A)-(B).

39. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records

that are responsive to the Center's FOIA request.  *Id.* § 552(b).

40. EPA failed to provide the Center with reasonably segregable portions of requested

records after deletion of any portions which may be lawfully withheld from disclosure under any

FOIA exemption(s).  *Id.*

41. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

Failure to Provide a Lawful Determination on the FOIA Request

42. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding

paragraphs.

43. EPA violated FOIA by failing to make a timely determination on the Center's FOIA

request: EPA-HQ-2019-001970. 5 U.S.C. § 552(a)(6)(A)(i).

44. The Center has a statutory right to receive a determination from EPA, as well as to promptly receive the records they seek through FOIA.

45. EPA has still not provided the Center with a determination on the FOIA request that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informs the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B). *See also* 5 U.S.C. § 552(a)(7).

46. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record request to EPA in the foreseeable future.

47. The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's requirement to provide a lawful determination on the Center's FOIA request.

48. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF: ##
## VIOLATION OF THE FREEDOM OF INFORMATION ACT ##

### Failure to Conduct an Adequate Search for Records Responsive to the FOIA Request ###

49. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

50. The Center has a statutory right to have EPA process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). EPA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request: EPA-HQ-2019-001970.

51. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record request to EPA in the foreseeable future.

52. The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's requirement to provide a lawful determination on the Center's EPA request.

53. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

### THIRD CLAIM FOR RELIEF:
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

Failure to Promptly Disclose Records Responsive to FOIA Request

54. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

55. EPA violated FOIA, 5 U.S.C. § 552(a)(3), by failing to promptly disclose records that are responsive to the Center's FOIA request: EPA-HQ-2019-001970.

56. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record request to EPA in the foreseeable future.

57. The Center's organizational activities will be adversely affected if EPA continues to violate FOIA's disclosure provisions as it has in this case.

58. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

### FOURTH CLAIM FOR RELIEF:
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

59. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

60. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

61. EPA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request: EPA-HQ-2019-001970.

62. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record request to EPA in the foreseeable future.

63. The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions as it has in this case.

64. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF:**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**
**(In the Alternative to the First through Fourth Claims)**

Unlawfully Withholding or Unreasonably Delaying Actions that FOIA Requires

65. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

66. EPA unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on the Center's FOIA request, (2) conduct an adequate search for records that are responsive to the Center's FOIA request, (3) promptly disclose records responsive to the Center's FOIA request, and (4) provide the Center with reasonably segregable portions of responsive records in the event that records may be subject to an exemption. EPA's failures constitute agency actions unlawfully withheld, and therefore, actionable pursuant to the APA, 5 U.S.C. § 706(1).

67. Alternatively, EPA unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) provide a timely determination on

the Center's FOIA request, (2) conduct an adequate search for records that are responsive to the

Center's FOIA request, (3) promptly disclose records that are responsive to the Center's FOIA

request, and (4) provide the Center with reasonably segregable portions of responsive records in

the event that records may be subject to an exemption. EPA's failures constitute agency actions

that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5

U.S.C. § 706(1).

68. As alleged above, EPA's failure to comply with the mandates of FOIA has injured the

Center's interests in public oversight of governmental operations and is a violation of its

statutory duties under the APA.

69. The Center has no other adequate remedy at law to redress the violations noted above.

70. Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

### SIXTH CLAIM FOR RELIEF:
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
**(In the Alternative to the First through Fifth Claims)**

EPA's Violations of FOIA's Requirements Are Arbitrary, Capricious, An Abuse of
Discretion, or Otherwise Not in Accordance with Law

71. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding

paragraphs.

72. EPA violated FOIA's statutory mandates due to its failure and refusal to: (1) provide a

timely determination on the Center's FOIA request, (2) conduct an adequate search for records

that are responsive to the Center's FOIA request, (3) promptly disclose records that are

responsive to the Center's FOIA request, and (4) provide the Center with reasonably segregable

portions of responsive records in the event that records may be subject to an exemption. By

repeatedly violating FOIA's statutory mandates, EPA's actions are arbitrary, capricious, an abuse

of discretion, or not in accordance with the law and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(2).

73. As alleged above, EPA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is a violation of its statutory duties under the APA.

74. The Center has no other adequate remedy at law to redress the violations noted above.

75. Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to respond to Plaintiff's FOIA request as required by FOIA;

2. Order Defendant to conduct a search that is reasonably calculated to locate all records responsive to Plaintiff's FOIA request, with the cut-off date for such search being the date the search is conducted, and to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action;

3. Declare that Defendant's failures to undertake a search for and disclose to Plaintiff all records that are responsive to Plaintiff's FOIA request, as alleged above, are unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2);

4. Declare that Defendant's failure to timely make a determination on Plaintiff's FOIA request is unlawful under FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. §

706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2);

5.     Declare that Defendant's failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2);

6.     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

7.     Grant such other and further relief as the Court may deem just and proper.

DATED: June 17, 2019                    Respectfully submitted,

                                        /s/ William J. Snape, III
                                        William J. Snape, III (D.C. Bar No. 455266)
                                        Paulo A. Lopes (D.C. Bar No. 1012910)
                                        Center for Biological Diversity
                                        1411 K Street, NW, Suite 1300
                                        Washington, DC 20005
                                        (202) 536-9351 (cell)
                                        (202) 274-4443 (land)
                                        bsnape@biologicaldiversity.org
                                        plopes@biologicaldiversity.org

                                        *Attorneys for Plaintiff*